FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

2016 JUL 21 PM 1:08

MIDDLE DISTRICT
ORLANDO, FL

LARRY RUMBOUGH,

    Plaintiff,

-v-

Case No. 6:16-cv-1305-orl-18-GNK

COMENITY CAPITAL BANK; BJ'S
WHOLESALE CLUB, INC.; EQUIFAX
INFORMATION SERVICES LLC; EXPERIAN
INFORMATION SOLUTIONS, INC.; TRANS
UNION LLC, INNOVIS DATA SOLUTIONS, INC,

    Defendants.

## COMPLAINT

Plaintiff, LARRY RUMBOUGH, hereby sues Defendants, COMENITY CAPITAL BANK; BJ'S WHOLESALE CLUB, INC.; EQUIFAX INFORMATION SERVICES LLC; EXPERIAN INFORMATION SOLUTIONS, INC.; TRANS UNION LLC; INNOVIS DATA SOLUTIONS, INC, and alleges:

### PRELIMINARY STATEMENT

1. This is an action for damages brought for damages for violations of the Fair Credit Reporting Act (FCRA) 15 U.S.C. §1681 *et seq.*; for damages for violations of the Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. §1692 *et seq.*; and for damages for damages for violations of the Florida Consumer Collection Practices Act (FCCPA), Fla. Stat. §559(Part VI) *et seq.*

### JURISDICTION AND VENUE

2. The jurisdiction of this Court is conferred by 15 U.S.C. §1681p, 15 U.S.C. §1692k, and Fla. Stat. §559.77.

3. Venue is proper in this Circuit pursuant to 28 U.S.C. §1391b and Fla. Stat. §559.77.

4. This is an action for damages which exceeds $75,000.00.

5. Plaintiff, LARRY RUMBOUGH, is a natural person and is a resident of the State of Florida.

6. Defendant, COMENITY CAPITAL BANK ("Comenity"), is an unknown entity.

7. Defendant, BJ'S WHOLESALE CLUB, INC. ("BJ's") is a Delaware corporation, authorized to do business in Florida.

8. Defendant, EQUIFAX INFORMATION SERVICES LLC, ("Equifax") is a Georgia limited liability company, authorized to do business in Florida.

9. Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., ("Experian") is an Ohio corporation, authorized to do business in Florida.

10. Defendant, TRANS UNION LLC ("Trans Union") is a Delaware limited liability company, authorized to do business in Florida.

11. Defendant, INNOVIS DATA SOLUTIONS, INC ("Innovis") is a Missouri corporation, authorized to do business in Florida.

12. All conditions precedent to the bringing of this action have been performed, waived or excused.

## FACTUAL ALLEGATIONS

13. On December 29, 2015, Plaintiff went to a local BJ's store to request a store membership, for which he was approved.

14. Without Plaintiff's knowledge or permission, BJ's and Comenity obtained Plaintiff's credit report from Equifax. A Comenity credit card account was opened in his name.

15. Comenity has since knowingly attempted to collect nonexistent debt from Plaintiff.

16. Comenity has reported false information about Plaintiff to credit reporting agencies including Equifax, Experian, Trans Union, and Innovis, and continued to do so despite Plaintiff's disputes about the account that were transmitted through the credit reporting agencies.

17. The inaccuracies include, but are not limited to, the amount of the alleged debt, the date of alleged delinquency, the status of alleged delinquency, and the status of dispute by Plaintiff.

18. Comenity did not provide a notice of such furnishing of negative information, in writing, to Plaintiff.

19. Comenity has repeatedly failed to conduct a proper investigation of Plaintiff's disputes and repeatedly failed to inform the credit reporting agencies that the account was in dispute.

20. Plaintiff sent a dispute letter to Equifax regarding inaccuracies on his credit report reported by Comenity on May 23, 2016. The details of Plaintiff's dispute are outlined in that letter.

21. Plaintiff sent a dispute letter to Experian regarding inaccuracies on his credit report reported by Comenity on May 23, 2016. The details of Plaintiff's dispute are outlined in that letter.

22. Plaintiff sent a dispute letter to Trans Union regarding inaccuracies on his credit report reported by Comenity on May 23, 2016. The details of Plaintiff's dispute are outlined in that letter.

23. Plaintiff sent a dispute letter to Innovis regarding inaccuracies on his credit report reported by Comenity on June 14, 2016. The details of Plaintiff's dispute are outlined in that letter.

24. Despite those letters, Equifax, Experian, Trans Union, and Innovis have refused to delete, correct, place in dispute, and/or print Plaintiff's consumer statement for the Comenity item.

25. Equifax, Experian, Trans Union, and Innovis failed, in the preparation of Plaintiff's reports, to follow reasonable procedures to assure the maximum possible accuracy of the information in the report; failed to provide all of the information on file, failed to provide trained personnel to explain to Plaintiff the information in his file, failed to delete incomplete, misleading, and inaccurate information in Plaintiff's file after being advised of such by Plaintiff or after conducting reinvestigations, failed to provide subsequent users of the report with the Plaintiff's statement of dispute or a summary thereof, failed to properly advise Plaintiff of his ability to make a consumer explanation, failed to properly notify, train or otherwise advise its own subscribers about purging their records of inaccurate information concerning Plaintiff; failed to establish any procedure by which reinvestigation would occur immediately upon the republication by the credit grantor of the inaccurate information or failed to have a reasonable procedure by which to immediately notify the Plaintiff that the same inaccurate information, previously deleted or disputed, was re-reported by the credit grantor; failed to permanently correct Plaintiff's report after repeated notification by Plaintiff; failed to properly reinvestigate Plaintiff's disputes; and concealed from or misrepresented facts to Plaintiff regarding his report.

26. On December 29, 2015, Comenity and BJ's obtained Plaintiff's credit report from Equifax. Comenity and BJ's used or obtained Plaintiff's consumer report for an impermissible purpose and did not certify the purpose through a general or specific certification.

27. On May 31, 2016, Comenity obtained Plaintiff's credit report from Equifax. Comenity used or obtained Plaintiff's consumer report for an impermissible purpose and did not certify the purpose through a general or specific certification.

28. On June 1, 2016, Plaintiff notified Comenity that he demanded the inquiry dated December 29, 2015 be deleted from his Equifax credit report.

29. On June 29, 2016, Comenity sent Plaintiff a letter denying his request to have the inquiry dated December 29, 2015 be deleted from his Equifax credit report. The letter also included a Credit Card Agreement. This was the first time that Plaintiff had seen the Credit Card Agreement.

30. On July 21, 2016, Plaintiff sent Comenity a letter rejecting the Credit Card Agreement in its entirety.

**COUNT I**
**VIOLATION OF FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. §1681**
**BY DEFENDANTS COMENITY, BJ'S, EQUIFAX,**
**EXPERIAN, TRANS UNION, INNOVIS**

31. Paragraphs 1 through 30 are realleged as though fully set forth herein.

32. Plaintiff is a consumer within the meaning of §1681a(c).

33. Comenity is a furnisher of information within the meaning of §1681s-2.

34. Equifax, Experian, Trans Union, and Innovis are consumer reporting agencies as defined in §1681(f), regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports as defined in §1681(a)(b), to third parties for monetary compensation.

35. Equifax, Experian, Trans Union, and Innovis violated the FCRA. Defendants' violations include, but are not limited to, the following:

a) failing, in the preparation of Plaintiff's reports, to follow reasonable procedures to assure the maximum possible accuracy of the information in the report;

b) failing to provide all of the information on file, in violation of §1681(g);

c) failing to provide trained personnel to explain to Plaintiff the information in his file, in violation of §1681(h)(c);

d) failing to delete incomplete, misleading, and inaccurate information in Plaintiff's file after being advised of such by Plaintiff or after conducting reinvestigations, in violation of §1681(i)(a);

e) failing to provide subsequent users of the report with the Plaintiff's statement of dispute or a summary thereof in violation of §1681(i)(c);

f) failing to properly advise Plaintiff of his ability to make a consumer explanation;

g) failing to properly notify, train or otherwise advise its own subscribers about purging their records of inaccurate information concerning Plaintiff;

h) failing to establish any procedure by which reinvestigation would occur immediately upon the republication by the credit grantor of the inaccurate information or by failing to have a reasonable procedure by which to immediately notify the Plaintiff that the same inaccurate information, previously deleted or disputed, was re-reported by the credit grantor;

i) failing to permanently correct Plaintiff's report after repeated notification by Plaintiff;

j) failing to properly reinvestigate Plaintiff's disputes; and by

k) concealing from or misrepresenting facts to Plaintiff regarding his report.

36. Comenity and BJ's violated the FCRA. Defendants' violations include, but are not limited to, the following:

(a) Comenity and BJ's willfully violated §1681b(f) by willfully using false pretenses or knowingly without a permissible purpose to obtain Plaintiff's consumer report, by falsely representing or certifying that the report was being obtained for a permissible purpose as defined by §1681b.

(b) Comenity violated § 1681s-2 by not properly conducting and reporting reinvestigations of information disputed by Plaintiff through the credit reporting agencies.

WHEREFORE, Plaintiff demands judgment for damages against Comenity, BJ's, Equifax, Experian, Trans Union, and Innovis for actual or statutory damages, and punitive damages, attorney's fees and court costs, and grant such other and further relief as the court deems just and proper, pursuant to 15 U.S.C. §1681(n) and 15 U.S.C. §1681(o).

## COUNT II
## VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 U.S.C. §1692 BY DEFENDANT COMENITY

37. Paragraphs 1 through 30 are realleged as though fully set forth herein.

38. Plaintiff is a consumer within the meaning of §1692a(3).

39. Comenity is a debt collector within the meaning of §1692a(6).

40. Comenity violated the FDCPA. Defendant's violations include, but are not limited to, the following:

(a) Comenity violated §1692e(2) by falsely representing the character, amount, or legal status of any debt.

(b) Comenity violated §1692e(5) by threatening to take any action that could not legally be taken or that was not intended to be taken.

(c) Comenity violated §1692e(8) by communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

(d) Comenity violated §1692e(10) by the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

(e) Comenity violated §1692e(11) by failing to warn that it was a debt collector.

(f) Comenity violated §1692f(1) by the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

(g) Comenity violated §1692g by failure to send a validation notice within five days of the initial communication.

(h) Comenity violated §1692g(b) by not ceasing collection efforts until the debt was validated.

WHEREFORE, Plaintiff demands judgment for damages against Comenity for actual or statutory damages, and punitive damages, attorney's fees and costs, pursuant to 15 U.S.C. §1692k.

## COUNT III
## VIOLATION OF FLORIDA CONSUMER COLLECTION PRACTICES ACT (FCCPA), FLA. STAT. §559(Part VI) BY DEFENDANT COMENITY

41. Paragraphs 1 through 30 are realleged as though fully set forth herein.

42. Plaintiff is a consumer within the meaning of §559.55(2).

43. Comenity is a debt collector within the meaning of §559.55(6).

44. Comenity violated the FCCPA. Defendants' violations include, but are not limited to, the following:

    (a) Comenity violated §559.72(3) by not telling Plaintiff that it would disclose to another information affecting Plaintiff's reputation for credit worthiness without also informing Plaintiff that the existence of the dispute would also be disclosed.

    (b) Comenity violated §559.72(6) by disclosing information concerning the existence of a debt known to be reasonably disputed by the debtor without disclosing that fact.

    (c) Comenity violated §559.72(9) by claiming, attempting or threatening to enforce a debt when such persons knew that the debt was not legitimate.

WHEREFORE, Plaintiff demands judgment for damages against Comenity for actual or statutory damages, and punitive damages, attorney's fees and costs, pursuant to Fla. Stat. §559.77.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Dated: July 21, 2016

Respectfully submitted,

*Larry Rumbough*

Larry Rumbough
840 Lilac Trace Lane
Orlando, FL 32828
321-331-1859