RECEIVED

Dec 2

2016 NOV 3+ PM 4: 37

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

LARRY RUMBOUGH,

      Plaintiff,

                                    Case No. 6:16-cv-1305-Orl-18GJK

-v-

COMENITY CAPITAL BANK; BJ'S
WHOLESALE CLUB, INC.; EQUIFAX
INFORMATION SERVICES LLC; EXPERIAN
INFORMATION SOLUTIONS, INC.; TRANS
UNION LLC, INNOVIS DATA SOLUTIONS, INC,

      Defendants.

## PLAINTIFF'S RESPONSE TO DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S MOTION TO DISMISS FOR LACK OF SERVICE

      Plaintiff, Larry Rumbough, hereby files Plaintiff's Response to Defendant Equifax Information Services LLC's Motion to Dismiss for Lack of Service, and states:

      1. Defendant's motion is utterly frivolous and for the unjustified purpose of unnecessarily increasing costs and delaying the case.

      2. After filing the Complaint in this case, Plaintiff sent all Defendants a request to waive service. All Defendants except for Equifax properly agreed to do so.

      3. Plaintiff was under the mistaken impression that Equifax's attorney, J. Anthony Love, would operate in good faith and return the waiver of service as required by the rules.

      4. Plaintiff has repeatedly attempted for weeks to contact Mr. Love by telephone and email to confer regarding this matter. Mr. Love has ignored all of Plaintiff's communications.

      5. When Plaintiff became aware that Equifax had filed its motion, Plaintiff immediately took steps to have Equifax served at its Florida registered agent through the Leon County Sheriff's Office.

6. Plaintiff called the Leon County Sheriff's Office on November 30, 2016 to confirm that Equifax had been served. The office indicated that service had been effectuated on November 22, 2016. Plaintiff has not yet received proof of service, likely because of a delay caused by the Thanksgiving holiday. However, Plaintiff will file the proof of service once received if necessary.

7. Plaintiff's cost of serving Equifax totals $42.56 ($40.00 for the service fee, $1.20 for the money order fee, and $1.36 for postage).

8. Fed.R.Civ.P. 4(d)(1) states that after receiving a request for waiver of service "An individual, corporation, or association that is subject to service under Rule 4(e), (f), or (h) has a duty to avoid unnecessary expenses of serving the summons." Equifax, at Mr. Love's behest, failed to comply with this duty.

9. Fed.R.Civ.P. 4(d)(2) states "If a defendant located within the United States fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United States, the court must impose on the defendant: (A) the expenses later incurred in making service."

10. Plaintiff would have filed a motion pursuant to the above rule, but Mr. Love's refusal to confer with Plaintiff has delayed this effort. Plaintiff instead requests that the Court take note of the above facts and issue an order for such reimbursement.

WHEREFORE, Plaintiff respectfully requests that Defendant's motion be denied, that Mr. Love be ordered to comply with Local Rule 3.01(g) requiring conferring regarding motions, that the Court order that Plaintiff's unnecessary costs of service be reimbursed by Mr. Love personally, that the Court sanction Mr. Love in a manner sufficient to curb his bad behavior for

deliberately wasting the Court's time, and that Mr. Love be instructed to abide by the rules of

court and cease filing frivolous motions.


Dated: December 1, 2016

Respectfully submitted,

*Larry Rumbough*
Larry Rumbough
840 Lilac Trace Lane
Orlando, FL 32828
321-331-1859

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing will be electronically mailed to all parties on the service list this 1st day of December, 2016:


*Larry Rumbough*
Larry Rumbough
840 Lilac Trace Lane
Orlando, FL 32828
321-331-1859