# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

LARRY RUMBOUGH,

    Plaintiff,

v.                                      Case No:   6:16-cv-1305-Orl-18GJK

COMENITY CAPITAL BANK, BJ'S
WHOLESALE CLUB, INC., EQUIFAX
INFORMATION SERVICES LLC,
EXPERIAN INFORMATION
SOLUTIONS, INC., TRANS UNION
LLC and INNOVIS DATA SOLUTIONS,
INC.,

    Defendants.

## ORDER

THIS CAUSE comes for consideration on Defendant Equifax Information Services LLC's ("Equifax") Motion to Dismiss for Lack of Service (Doc. 35) and Supplemental Motion to Dismiss for Lack of Service (Doc. 39), to which Plaintiff Larry Rumbough ("Rumbough") filed a response in opposition (Doc. 41). For the reasons that follow, the motions will be granted.

### I. BACKGROUND

On July 21, 2016, Rumbough filed a complaint (the "Complaint") against Equifax and five (5) other defendants (collectively, the "Defendants") for their purported violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, and the Florida Consumer Collection Practices Act ("FCCPA"), section 559.55, *et seq.*, Florida Statutes.[1] (*Id.* at 1.) Subsequently, Rumbough sent

---

[1] In Count I of the Complaint, Rumbough alleges that the Defendants violated the FCRA. (Doc. 1 ¶¶ 31-35.) In Count II, Rumbough attests that Comenity Capital Bank violated the FDCPA. (*Id.* ¶¶ 37-40.) In Count III, Rumbough

Defendants a request to waive service of the Complaint, which Equifax admits to receiving on July 28, 2016. (Doc. 35 at 1; Doc. 41 ¶ 2.) However, Equifax did not sign the waiver and was not properly served with the Complaint until November 22, 2016. (*See* Doc. 39-1 at 2-13.) Equifax now moves to dismiss Rumbough's claims based on Rumbough's failure to timely serve Equifax as required by Rule 4 of the Federal Rules of Civil Procedure. (Doc. 35 at 1.)

## II. LEGAL STANDARD

In federal district court, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, the plaintiff must serve the defendant with the complaint within ninety (90) days after the complaint is filed. Fed. R. Civ. P. 4(m). If the plaintiff fails to serve the defendant within the ascribed ninety (90) days and fails to show good cause for any such failure, the court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time." (*Id.*) In the event the plaintiff shows good cause for his or her failure to timely serve a defendant, "the court must extend the time for service for an appropriate period." (*Id.*) Notably, "[g]ood cause exists 'only when some outside factor, such as reliance on faulty advice, rather than inadvertence or negligence, prevented service.'" *Lepone-Dempsey v. Carroll Cty. Comm'rs*, 476 F.3d 1277, 1281 (11th Cir. 2007) (citing *Prisco v. Frank*, 929 F.2d 603, 604 (11th Cir. 1991)). Also, "[r]elief may be justified, for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service." Fed. R. Civ. P. 4(m) advisory committee's note to 1993 amendment.

## III. ANALYSIS

Rumbough filed the Complaint on July 21, 2016, and the ninety (90) period for Rumbough to serve Equifax, as required under rule 4(m), expired on October 19, 2016. Although Rumbough

---

attempts to state a claim against Comenity Capital Bank for violating the FCCPA. (*Id.* ¶¶ 41-44.) For purposes of this order, the Court only addresses Rumbough's claims against Equifax that are contained in Count I.

sent Equifax a waiver of service in July 2016, Equifax did not sign the waiver and "is not required to waive formal service." *See Lepone-Dempsey*, 476 F.3d at 1281. Further, the Court has no reason to believe that Equifax evaded service or concealed a defect in attempted service. Also, Rumbough's ability to re-file claims against Equifax will not be barred by the FCRA's two-year statute of limitations. *See* 15 U.S.C. ¶ 1681p. Rumbough has failed to demonstrate good cause for his failure to timely serve Equifax, and the facts and circumstances surrounding this case do not warrant an extension of time. Accordingly, Rumbough's claims against Equifax will be dismissed without prejudice.

## IV. CONCLUSION

For the foregoing reasons, it is **ORDERED** and **ADJUGED** that Defendant Equifax Information Services LLC's Motion to Dismiss for Lack of Service (Doc. 35) and Supplemental Motion to Dismiss for Lack of Service (Doc. 39) are **GRANTED**. Plaintiff Larry Rumbough's claims against Defendant Equifax Information Services LLC in the Complaint (Doc. 1) are **DISMISSED without prejudice.** The Clerk of Court is directed to **TERMINATE** Equifax Information Services LLC as a party in this case.

**DONE** and **ORDERED** in Orlando, Florida on this ___ day of January, 2017.

G. KENDALL SHARP
SENIOR UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties