FILED

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

2017 JUN 26 PM 3:53

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

LARRY RUMBOUGH,

    Plaintiff,

                                      Case No. 6:16-cv-1305-Orl-18GJK

-v-

COMENITY CAPITAL BANK; BJ'S
WHOLESALE CLUB, INC.; EQUIFAX
INFORMATION SERVICES LLC; EXPERIAN
INFORMATION SOLUTIONS, INC.; TRANS
UNION LLC, INNOVIS DATA SOLUTIONS, INC,

    Defendants.

## PLAINTIFF'S VERIFIED MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO TRANS UNION LLC

Plaintiff, Larry Rumbough, hereby files Plaintiff's Motion for Partial Summary Judgment as to Trans Union LLC (Trans Union) pursuant to Fed.R.Civ.P. 56, and states:

**STATEMENT OF UNDISPUTED MATERIAL FACTS**

1. Plaintiff sent a (signed) dispute letter to Trans Union on May 23, 2016 (Exhibit "1"). The letter was sent by certified mail (#7016 0910 0000 8899 2400) and received by Trans Union on May 26, 2016 according to United States Postal Service Records (www.usps.com).

2. Plaintiff's letter included a copy of his drivers license and social security card to verify his identity.

3. Plaintiff's letter disputed one tradeline, COMENITYCAPITAL/BJSW, providing as the reason that Plaintiff did not apply for credit with that entity.

4. In response, on May 27, 2016, June 2, 2016, and June 9, 2016, Trans Union sent three identical letters to Plaintiff (Exhibit "2"). Trans Union did not otherwise respond to Plaintiff's dispute letter in any way. Those letters stated:

> "Dear Mr. Rumbough.
> Thank you for contacting TransUnion. Our goal is to maintain complete and accurate information on consumer credit reports. We have provided the information below in response to your request.
>
> TransUnion no longer maintains a commercially available credit file for you and in turn cannot fulfill your request"

5. Although claiming that their "goal is to maintain complete and accurate information on consumer credit reports", it was clear from Trans Union's response that they were deliberately doing the opposite. Further, Trans Union did not provide any explanation for its action.

6. On the last credit report that Trans Union provided to Plaintiff on July 2, 2015 ("Exhibit "3"), four positive accounts were accurately listed: CHASE/BANK ONE CARD SERV #4036, CHASE BANK ONE CARD SERV #5466, CRESTAR BANK, and UNIVERSAL CD CBNA.

7. All of these accounts should still be on Plaintiff's credit report. The above furnishers of information, Trans Union, and Plaintiff unanimously agree that these accounts were being reported accurately. Yet Trans Union has unilaterally decided to permanently delete those accounts in defiance of reality and the FCRA.

8. 15 U.S.C. §1681e(b) requires that:

> "Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

9. Plaintiff's dispute letter requested, "Please send me all information in my consumer file."

10. Trans Union did not provide Plaintiff with all information in his consumer file.

11. 15 U.S.C. §1681g(a)(1) requires that:

"Every consumer reporting agency shall, upon request, and subject to section 1681h(a)(1) of this title, clearly and accurately disclose to the consumer: All information in the consumer's file at the time of the request"

12. Trans Union clearly did not conduct a reinvestigation of the COMENITYCAPITAL/BJSW dispute.

13. 15 U.S.C. §1681i(a)(1)(A) requires that:

"Subject to subsection (f), if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller."

14. Trans Union did not provide Plaintiff with results of the reinvestigation of the COMENITYCAPITAL/BJSW dispute.

15. 15 U.S.C. §1681i(a)(6)(A) requires that:

"A consumer reporting agency shall provide written notice to a consumer of the results of a reinvestigation under this subsection not later than 5 business days after the completion of the reinvestigation, by mail or, if authorized by the consumer for that purpose, by other means available to the agency."

16. Plaintiff's dispute letter requested, "Please provide me with a description of the reinvestigation procedure for all items."

17. Trans Union did not provide Plaintiff with a description of the reinvestigation procedure for the COMENITYCAPITAL/BJSW dispute.

18. 15 U.S.C. §1681i(a)(7) requires that:

"A consumer reporting agency shall provide to a consumer a description referred to in paragraph (6)(B)(iii) by not later than 15 days after receiving a request from the consumer for that description."

19. Plaintiff's dispute letter requested that Trans Union print the following statement on his consumer report:

"I did not apply for credit with Comenitycapital/Bjsw. I will be filing a lawsuit against Comenitycapital/Bjsw and Trans Union for violations of the FCRA."

20. Trans Union did not print the above statement or any statement.

21. 15 U.S.C. §1681i(b) requires that:

"If the reinvestigation does not resolve the dispute, the consumer may file a brief statement setting forth the nature of the dispute. The consumer reporting agency may limit such statements to not more than one hundred words if it provides the consumer with assistance in writing a clear summary of the dispute."

22. It is clear that Trans Union's violations were intentional.

WHEREFORE, Plaintiff requests that the Court find that Trans Union is in violation of 15 U.S.C. §1681(n) for willful noncompliance, or in the alternative that Trans Union is in violation of either 15 U.S.C. §1681(n) for willful noncompliance or for 15 U.S.C. §1681(o) for negligent noncompliance for the following provisions of the FCRA: 15 U.S.C. §1681e(b), 15 U.S.C. §1681g(a)(1), 15 U.S.C. §1681i(a)(1)(A), 15 U.S.C. §1681i(a)(6)(A), 15 U.S.C. §1681i(a)(7), and 15 U.S.C. §1681i(b).

## DECLARATION

I declare under penalty of perjury that the foregoing is true and correct. Executed on June 26, 2017.

*Larry Rumbough* (signature)

Larry Rumbough
840 Lilac Trace Lane
Orlando, FL 32828
321-331-1859

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing will be electronically mailed to all parties on the service list this 26th day of June, 2017:

*/s/ Larry Rumbough*

Larry Rumbough
840 Lilac Trace Lane
Orlando, FL 32828
321-331-1859