UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LARRY RUMBOUGH,

Plaintiff,

v.

Case No: 6:16-cv-1305-Orl-18GJK

COMENITY CAPITAL BANK, BJ'S
WHOLESALE CLUB, INC., EXPERIAN
INFORMATION SOLUTIONS, INC. and
TRANS UNION LLC,

Defendants.

## ORDER

THIS CAUSE comes for consideration on Plaintiff Larry Rumbough's ("Rumbough") Verified Motion for Partial Summary Judgment as to Trans Union LLC (the "Motion") (Doc. 63), to which Trans Union LLC ("Trans Union") filed a response in opposition (Doc. 79) and Rumbough did not file a reply. For the reasons that follow, the Motion will be denied.

### I. BACKGROUND

As previously found by the Court, On December 29, 2015, Rumbough requested a membership account with BJ's Wholesale Club store ("BJ's"), and he was subsequently approved and a credit card was issued in his name (the "Account"). (Doc. 92 at 1.) Terms governing the acceptance and use of the credit card were set forth in a Credit Card Agreement (the "Cardmember Agreement") issued by Defendant Comenity Capital Bank ("Comenity"). (*Id.*) Beginning on January 26, 2016 and continuing through March 1, 2016, numerous charges were made to the Account for purchases and cash advances. (*Id.*) No payments were made on said charges, and the outstanding balance on the Account as of September 17, 2016 was $8,004.70. (*Id.* at 1-2.)

On May 23, 2016, Rumbough sent a dispute letter to Trans Union wherein Rumbough states that he disputes the "COMENITYCAPITAL/BSJW" item and "did not apply for credit with ComenityCapital/Bsjw." (Doc. 63-1 at 2.) Rumbough also states that he disputed the items on March 3, 2016, and Trans Union did not respond to said dispute. (*Id.*) He requests that the disputed item be deleted and, failing to do so, that Trans Union print the following statement: "I did not apply for credit with Comenitycapital/Bjsw. I will be filing a lawsuit against Comenitycapital/Bjsw and Trans Union for violations of the FCRA." (*Id.*) Rumbough further requests "a description of the reinvestigation procedure for all items[,] . . . the source of information for all items[,] . . . all information in [his] consumer file[,] . . . [and] an updated copy of [his] credit report." (*Id.*) In response to Rumbough's dispute letter, Trans Union sent a letter to Rumbough on May 27, 2016, wherein Trans Union informs Rumbough that it "no longer maintains a commercially available credit file for [him] and cannot fulfill [his] request." (Doc. 63-2 at 2.) Trans Union then sent identical letters to Rumbough on June 2, 2016 and June 9, 2016. (*Id.* at 3-4.) There are no allegations or evidence that Trans Union sent Rumbough his consumer file or a credit report after receiving Rumbough's May 2016 dispute letter. Evidence shows that Trans Union sent a consumer credit report to Rumbough on July 2, 2015 that lists CHASE/BANK ONE CARD SERV #4036, CHASE BANK ONE CARD SERV #5466, CRESTAR BANK, and UNIVERSAL CD CBNA as four positive accounts in Rumbough's name. (Doc. 63-3 at 2-3.) Rumbough admits that these accounts were reported accurately on Trans Union's July 2015 consumer credit report, which Rumbough maintains was the last credit report that he received from Trans Union. (Doc. 63 ¶¶ 6-7.)

On July 21, 2016, Rumbough filed his complaint (the "Complaint") against five (5) defendants (collectively, the "Defendants") alleging violations of the Fair Credit Reporting Act

("FCRA"), 15 U.S.C. § 1681, *et seq.*, the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, and the Florida Consumer Collection Practices Act ("FCCPA"), section 559.55, *et seq.*, Florida Statutes. (Doc. 1 at 1.) Rumbough now seeks partial summary judgment as to his claims that Trans Union violated §§ 1681e(b), 1681g(a)(1), 1681i(a)(1)(A), 1681i(a)(6)(A), 1681i(a)(7), and 1681i(b) of the FCRA.

## II. LEGAL STANDARD

A court may grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those that may affect the outcome of the case under the applicable substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Disputed issues of material fact preclude the entry of summary judgment, but factual disputes that are irrelevant or unnecessary do not. *Id.* "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

In determining whether the moving party has satisfied its burden, the Court considers all inferences drawn from the underlying facts in a light most favorable to the party opposing the motion and resolves all reasonable doubts against the moving party. *Matsushita Elec. Ind. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986). The moving party may rely solely on the pleadings to satisfy its burden. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). A non-moving party bearing the burden of proof, however, must go beyond the pleadings and submit affidavits, depositions, answers to interrogatories, or admissions that designate specific facts indicating there is a genuine issue for trial. *Id.* at 324. If the evidence offered by the non-moving party "is merely colorable, or is not significantly probative," the Court may grant summary

judgment. *Anderson*, 477 U.S. at 249-50. Similarly, summary judgment is mandated against a party who fails to prove an essential element of its case "with respect to which [the party] has the burden of proof." *Celotex*, 477 U.S. at 323.

### III. ANALYSIS

As an initial matter, the Court notes that Trans Union's request to strike the exhibits attached to the Motion is unavailing. Rule 56(c)(2) of the Federal Rules of Civil Procedure provides that, "[a] party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2). At this time, it is not clear that Rumbough would be unable to later authenticate said exhibits as required under Rule 901 of the Federal Rules of Evidence. Thus, the Court will consider the exhibits attached to the Motion (Doc. 63-1; Doc. 63-2; Doc. 63-3) for purposes of this Order. The Court will also consider the exhibits attached to Trans Union's Response (Doc. 79-1; Doc. 79-2).

*A. Violation of 15 U.S.C. § 1681e(b)*

Pursuant to § 1681e(b) of the FCRA, "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure the maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b). "To establish a *prima facie* violation of § 1681e(b), a consumer must present evidence that a credit reporting agency's report was inaccurate." *Jackson v. Equifax Info. Servs., LLC*, 167 F. App'x 144, 146 (11th Cir. 2006) (citation omitted). Further, the FCRA "does not make reporting agencies strictly liable for all inaccuracies." *Cahlin v. Gen. Motors Acceptance Corp.*, 936 F.2d 1151, 1156 (11th Cir. 1991). Thus, "[a]n agency can escape liability if it establishes that an inaccurate report was generated following reasonable procedures, which is generally a jury question." *Jackson*, 167 F. App'x at 146 (citation omitted). Also, in order to have a viable claim

under § 1681e(b) of the FCRA, the consumer reporting agency must have published the alleged inaccurate consumer report to a third party. *Bermudez v. Equifax Info. Servs., LLC*, No. 6:07-cv-1492-Orl-31GJK, 2008 WL 5235161, at *2 (M.D. Fla. Dec. 15, 2008).

During his deposition, Rumbough admitted that he did not have any evidence to show that Trans Union provided his consumer credit report to a third party. (*See* Rumbough Deposition, Doc. 79-1 at 145:7-20.) Rumbough also testified that he does not know if Trans Union reported his Comenity account, the account at issue, to third parties. (Rumbough Dep. at 135:2-14.) Additionally, there is no evidence that Trans Union failed to follow reasonable procedures to assure maximum accuracy of the information it reported about Rumbough. In fact, Rumbough fails to adequately identify any procedure that Trans Union had in place that was inadequate or unreasonably followed. Although Rumbough testified that Trans Union failed to follow reasonable procedures because Trans Union deleted all accounts on his credit report, he fails to offer a statute or provision of the FCRA that requires Trans Union to maintain a credit file on him. (*See* Rumbough Dep. at 138:19-139:8, 169:17-25.) The undisputed material facts do not demonstrate that Trans Union violated § 1681e(b) of the FCRA, and summary judgment in Rumbough's favor as to Trans Union's purported violations of § 1681e(b) will be denied.

*B. Violation of 15 U.S.C. § 1681g(a)(1)*

With limited exceptions, 15 U.S.C. § 1681g(a)(1) provides that, "[e]very consumer reporting agency shall, upon request, and subject to section 1681h(a)(1) of this title, clearly and accurately disclose to the consumer . . . [a]ll information in the consumer's file at the time of the request." 15 U.S.C. § 1681g(a)(1). "The term 'file' [in 15 U.S.C. § 1681g(a)(1)] denotes all information on the consumer that is recorded and retained by a consumer reporting agency that might be furnished, or has been furnished, in a consumer report on that consumer." *Gillespie v.*

*Trans Union LLC*, 433 F. Supp. 2d 908, 912-13 (N.D. Ill. 2006) (citation omitted), *aff'd sub nom. Gillespie v. Trans Union Corp.*, 482 F.3d 907 (7th Cir. 2007); *see Gillespie v. Equifax Info. Servs., LLC*, 484 F.3d 938, 941 (7th Cir. 2007) ("A primary purposes [sic] of the statutory scheme provided by the disclosure in § 1681g(a)(1) is to allow consumers to identify inaccurate information in their credit files and correct this information via the grievance procedure established under § 1681i.").

Rumbough claims that Trans Union violated § 1681g(a)(1) of the FCRA by failing to provide him with all of the information in his consumer file. (*See* Doc. 63 ¶¶ 10-11.) However, in response to Rumbough's request for information in his consumer file, Trans Union unequivocally informed Rumbough that it no longer maintains a commercially available credit file for him and cannot fulfill his request. Additionally, Marianne Litwa, who identified herself as a "Specialist II – Litigation Support for [Trans Union's] Crum Lynne, Pennsylvania, Consumer Relations Center[,]" attested that "no third party can obtain Rumbough's credit report as Trans Union does not maintain any account information for him." (M. Litwa Declaration, Doc. 79-2 ¶¶ 2, 5.) Further, the Complaint does not include an allegation that Trans Union violated the FCRA by failing to maintain a credit file for Rumbough. (Rumbough Dep. at 134:19-135:1; *see* Doc. 1.) Rumbough fails to show that Trans Union violated § 1681g(a)(1), and summary judgment in Rumbough's favor as to Trans Union's purported violations of § 1681g(a)(1) of the FCRA will be denied.

C. *Violation of 15 U.S.C. § 1681i(a)(1)(A), 15 U.S.C. § 1681i(a)(6)(A), 15 U.S.C. § 1681i(a)(7)*

Rumbough requests summary judgment in his favor on his claims that Trans Union violated §§ 1681i(a)(1)(A), 1681i(a)(6)(A), and 1681i(a)(7) of the FCRA. In order to prevail on a claim under § 1681i(a), a consumer, like Rumbough, must show the following:

> (1) the consumer's credit report contains inaccurate or incomplete information; (2) the consumer notified the credit reporting agency of the alleged inaccuracy; (3) the dispute is not frivolous or irrelevant; (4) the agency failed to respond or conduct a reasonable reinvestigation of the disputed items; (5) the failure to reinvestigate caused the consumer to suffer out-of-pocket losses or intangible damages such as humiliation or mental distress.

*Bermudez*, 2008 WL 5235161, at *4. In this case, as early as May 2016, Trans Union informed Rumbough that it no longer maintains a commercially available credit file on him and that it cannot fulfill his requests. (*See* Doc. 63-2.) Rumbough provided the Court with a consumer credit report given to him by Trans Union in July 2015, but he fails to provide evidence that Trans Union issued any subsequent consumer credit reports to Rumbough or a third party. Also, "[b]ecause no credit file exists for Rumbough, there were no accounts for Trans Union to reinvestigate upon receiving a dispute from Rumbough." (M. Litwa Decl. ¶ 6.) Rumbough fails to provide argument or evidence to support his claims that the undisputed material facts show that Trans Union violated §1681i(a) of the FCRA. Accordingly, summary judgment in Rumbough's favor as to Trans Union's alleged violations of §§ 1681i(a)(1)(A), 1681i(a)(6)(A), and 1681i(a)(7) of the FCRA will be denied.

*D. Violation of 15 U.S.C. § 1681i(b)*

As established under § 1681i(b) of the FCRA, when a consumer reporting agency's reinvestigation of a dispute does not resolve the dispute, a consumer is permitted to "file a brief statement setting forth the nature of the dispute." 15 U.S.C. § 1681i(b). Presumably, Trans Union violated § 1681i(b) of the FCRA by failing to print Rumbough's dispute statement as Rumbough requested in his dispute letter. (*See* Doc. 63 ¶¶ 19-21.) However, Trans Union does not maintain a commercially available credit file on Rumbough and there is no evidence that Trans Union provided a credit report to Rumbough or a third party after receipt of Rumbough's dispute letter. Also, there is also no evidence that Rumbough received reinvestigation results from Trans

Union and subsequently requested that Trans Union print his dispute statement. The undisputed material facts do not support Rumbough's claims, and summary judgment in favor of Rumbough on his claims that Trans Union violated § 1681i(b) of the FCRA will thus be denied.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff Larry Rumbough's Verified Motion for Partial Summary Judgment as to Trans Union LLC (Doc. 63) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on this 27 day of November, 2017.

G. KENDALL SHARP
SENIOR UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties